## STEBBINS *v.* HOWELL.

September, 1864.

A mortgagee, who by fraud of the owner of the equity of redemption is induced to release part of the land from the lien of the mortgage, and thus enables the latter to convey it, which he does, so that the lien of the mortgage cannot be restored, is entitled to recover from him the amount of the lien so released; not merely the deficiency which may result on the mortgage.*

---

* In SLOCUM *v.* FREEMAN (*December*, 1867), it was *held* that, where, upon an agreement to satisfy a judgment on receipt of a note of a third person, *with interest*, the creditor delivered a satisfaction-piece in escrow, and the debtor wrongfully obtained the satisfaction-piece by giving to

Stebbins v. Howell.

Jane and Jane B. Stebbins brought this action, in the supreme court, against Matthias H. Howell and Theodore Browning. The complaint, after setting forth the facts stated in the opinion, alleged, that the fee in the remaining lot was in Browning, subject to the agreement for purchase, held by Howell; that said Browning was made a party, and that his

the holder in escrow a note *without interest*,—*Held*, that the creditor could maintain an action to have the judgment restored.

His demand was not reduced to the amount of the note he had agreed to receive in settlement.

Hiram Slocum brought this action against Pliny and Adam M. Freeman, to compel a cancellation of a satisfaction of a judgment he had recovered against defendants, March 17, 1852, for the sum of two thou sand two hundred and nine dollars and nineteen cents.

Plaintiff, after recovery of the judgment, agreed to settle for seven hundred and sixty-three dollars and ninety-five cents, to be secured by the note of defendant, Pliny, payable in thirty months, *with interest*. To carry out the agreement, he signed and acknowledged a satisfaction-piece, which he delivered to one Martin, with instructions to deliver it to defendants on the receipt of the note for the amount, and payable with interest, but not to deliver it on any other terms.

The referee found that defendants had not complied with these terms, but on the contrary, Martin delivered the satisfaction-piece to Pliny Freeman, under the impression and belief that the note which he then received for the plaintiff conformed to the agreement, whereas the note was not drawn payable with interest, as the agreement required. Martin, in due time, and as soon as he discovered the mistake, returned the note to Pliny Freeman, for correction, who then retained the note, and refused to execute a note in conformity with the agreement, or to restore the satisfaction-piece, as he was requested to do ; and instead thereof he refused to execute and deliver a note in conformity with said agreement, or to return the satisfaction-piece to be filed, and the judgment to be marked canceled of record.

*The supreme court,* at general term, held that the satisfaction-piece should be set aside, and the judgment restored to full effect, for its whole amount (except the sum of two hundred dollars, which had been paid), "but that such judgment should not be a lien on any real estate or chattels real conveyed since the satisfaction of said judgment to *bona fide* purchasers or incumbrancers by said defendants, or either of them, before the commencement of this action.

One of the judges, however, was in favor of reducing the judgment to the amount and interest stipulated for by the compromise.

Defendants appealed.

Stebbins *v.* Howell.

interest in the lot was about fifteen hundred dollars. That the plaintiffs had applied to Browning for his consent in writing, to have the whole amount due on the mortgage charged upon said lot, the fee of which was in him, but that he had refused to consent to the same.

The plaintiffs prayed that Howell be directed to restore the said mortgage lien upon said lot; or pay to the plaintiffs the sum of two thousand seven hundred and fifty dollars and interest, as the consideration of the release of the mortgage lien, fraudulently obtained by him.

*T. R. Westbrook,* for the respondent;—Cited Bailey *v.* Day, 26 *Me.* 88 ; White *v.* Jordan, 27 *Id.* 370 ; Eve *v.* Wiriely, 2 *Strobh.* 203 ; Buckingham *v.* Oliver, 3 *E. D. Smith,* 129 ; Dederick *v.* Leman, 9 *Johns.* 333 ; Seymour *v.* Minturn, 17 *Id.* 169 ; Lownds *v.* Remsen, 7 *Wend.* 35.

DAVIES, Ch. J. [After stating the facts.]—The appellants submit no points. The defendants asked for no affirmative relief.

Upon the facts found by the referee the judgment was clearly correct, and as there does not appear to have been an exception taken, nothing is reviewable in this court except the conclusions of law found by the referee. If they are correct there is nothing for this court to pass upon

It is too plain to need argument or authority to sustain the position that, upon these facts, the plaintiff was entitled to judgment. The original judgment was agreed to be satisfied on certain specific terms and conditions. The defendants did not comply therewith, and, therefore, they were not entitled to have the judgment satisfied except upon payment of the amount due thereon. It is not pretended that they have ever done or offered to do this. They did, however, wrongfully obtain a satisfaction-piece, prepared and executed by the plaintiff, and deposited by him with a third party, to be delivered on the defendants complying with said terms and conditions. They obtained that satisfaction-piece without complying with said terms and conditions, wrongfully if not fraudulently, and used the same in procuring the cancellation of said judgment of record.

The plaintiff was entitled to have said satisfaction-piece canceled, and the lien of said judgment restored. This has been done by the judgment entered in this action, properly guarding the rights of *bona fide* purchasers or incumbrancers since said judgment was canceled of record.

The judgment was in all respects correct, and should be affirmed with costs.

All the judges concurred, except PORTER, J., not voting.

Judgment affirmed, with costs.

Judgment was given for plaintiffs against the defendant Howell, for two thousand seven hundred and fifty dollars, being one-half the amount due upon said mortgage, with interest from September 26, 1857. Howell appealed to the court at general term, where the judgment of the special term was affirmed, whereupon he appealed to this court.

*Solomon L. Hull*, for the defendant, appellant;—Cited Howard Ins. Co. *v.* Halsey, 8 *N. Y.* 271; Lafarge Ins. Co. *v.* Bell, 22 *Barb.* 55; Boyd *v.* Vanderkamp, 1 *Barb. Ch.* 273; Morris *v.* Slater, 1 *Den.* 59; Northrup *v.* Northrup, 6 *Cow.* 296.

*John P. Crosby*, for plaintiffs, respondents.

BY THE COURT.—WRIGHT, J.—The case is this. The plaintiffs held a mortgage, given in February, 1856, for five thousand five hundred dollars, on two building lots in the city of New York. In March, 1857, certain parties who had become the owners in fee of the mortgaged premises, contracted to sell the lots to the defendant Howell, he agreeing to erect a dwelling-house on each lot, of a definite description, and complete the same by March 1, 1858. Howell was to be entitled to a deed of the premises, when the houses were inclosed, on paying the purchase money, less the plaintiffs' mortgage; and the deed was to contain a clause subjecting and binding him to the payment of the incumbrance. Howell commenced forthwith to build the houses under the agreement. In August, 1857, while the houses were being built, and were inclosed, by a fraud of Howell or bad faith on his part, the plaintiffs lost the lien of their mortgage on one of the lots, and the other may or may not be ample security for the sum of five thousand five hundred dollars. It certainly is not, without the building on it. But whether it is or not, is of no consequence whatever. Howell paid nothing for the release of the lien of the plaintiffs' mortgage, and never had any right to it, except upon his performing in good faith the contract in pursuance of which the delivery of the release was anticipated. In August, 1857, representing himself to the plaintiffs to be the owner of both lots, when in fact, he had the title to neither, he applied to

them to release the mortgage lien on one of the lots, and lend him an additional sum on the remaining lot. It was agreed to release the lien on one lot and loan him the further sum of one thousand dollars, which was afterward extended to fifteen hundred dollars, on the other lot. Of course the release and the additional loan were intended to be simultaneous transactions; and the agreement for both was manifestly based on the supposition that Howell was the owner of the whole mortgaged premises. Otherwise the release of one-half of the premises from the operation of the mortgage was without any consideration whatever, and the plaintiffs were placed in jeopardy of a loss of one-half their mortgage debt.

The agreement was not immediately consummated, and in the meanwhile, under the pretense that he would carry it out, and the plaintiffs relying on his good faith, Howell obtained the release, and afterward persistently declined to perform on his part, although there was no difficulty in his doing so. It turned out that he had but an equitable interest in the lot not released, but was entitled to a deed of the same on the payment of fifteen hundred dollars—the exact amount which the new loan would have extinguished had the agreement been carried out; and the party holding the fee was ready and willing to execute such conveyance to him on receiving that sum. After procuring the release, however, and having it recorded, he refused to proceed any further in consummating the agreement; giving as the reason for non-performance on his part, that the money was not forthcoming from the plaintiffs when he wanted it; that the time had gone by for selling the houses on the lots, and he would have to pay the interest and taxes on the lot not released from the lien of the mortgage, which, as between him and the person holding the title, the latter ought to pay.

It seems to me to require but a simple statement of the case to show the correctness of the judgment of the court below. The defendant, Howell, having obtained the release, if not under false pretenses and misrepresentations or concealment of the truth, yet without any consideration, and without carrying out the arrangement into which he had expressly entered, should be compelled to restore the plaintiffs to their former

conditions as to the security. It is no answer whatever for him, that, as that part of the mortgaged premises with the building thereon is worth double the sum secured by the plaintiffs' mortgage, no damage could result to them by his surreptitiously obtaining a release of one-half the mortgaged premises. The value of their security is lessened one-half, and to that extent by the defendant's fraud or bad faith they are put in jeopardy of loss. As the release could not be recalled, and that part of the mortgaged premises released was of equal value with what remains subject to the lien, the only equitable mode of restoring the plaintiffs to their original condition, as their security, was that adopted.

The judgment should be affirmed.

A majority of the judges concurred.

HOGEBOOM, J., delivered an opinion in favor of modifying the judgment, so as to make it a judgment against Howell for *deficiency* only.

Judgment affirmed, with costs.